## Crown Coal and Tow Company v. Edward I. Thomas.

1. CORPORATIONS—*Right of Stockholders to Examine Books.*—A stockholder in a corporation may, by mandamus, compel such corporation to comply with the law which guarantees to him the right to examine its records and books of account, and that, too, not in another jurisdiction, but at the principal office of such corporation in this State.

2. MANDAMUS—*To Compel a Corporation to Keep its Books in This State.*—A corporation may be compelled by mandamus to keep its records and books of account at its principal office or place of business in this State. Keeping them in another jurisdiction is a violation of law.

3. SAME—*Under Our Statute.*—Under our statute mandamus will lie in all cases where it affords a proper and sufficient remedy for the enforcement of a legal right or an obvious duty, the performance of which involves the exercise of no discretion, without regard to whether there may be some other adequate remedy.

Mandamus, to compel a corporation to keep its books in this State. Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the February term, 1895. Affirmed. Opinion filed August 31, 1895.

G. & G. A. KOERNER, attorneys for appellant.

EDWARD I. THOMAS, *pro se.*

Mandamus is the proper remedy to compel a corporation to perform a statutory duty.    O. & M. Railway Co. v. People, 121 Ill. 490.

" Though a writ of mandamus will lie at the instance of a private individual against a corporation to compel the per formance of a duty enjoined by its charter, the allowance of the writ in such cases must be controlled by the principle that it is an absence of an adequate legal remedy that gives the court jurisdiction to proceed by mandamus." Moses on Mandamus, 176.

The latter part of this rule is changed by statute of 1874, and the writ is now a writ of right in this State.    O. & M. Ry. Co. v. People, 121 Ill. 490; People v. Village of Crotty, 93 Ill. 180; Lowenthal v. U. S. ex rel., 91 U. S. 536.

The duty to keep correct books of account at its principal office, is a duty imposed by statute, and a violation of it has always been held to subject the corporation to a mandamus. People v. State Ins. Co., 19 Mich. 392; People v. Walker, 9 Mich. 328.

MR. PRESIDING JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Appellee, who is one of appellant's stockholders, filed a petition for a writ of mandamus against appellant, a stock corporation duly incorporated under the general laws of this State relating to corporations for pecuniary profit, to enforce a compliance with the requirements of Sec. 13 of Chap. 32, of the act concerning such corporations (1 Starr & Curtis Statutes, p. 616), which section is as follows: "It shall be the duty of the directors or trustees of every stock corporation to cause to be kept at its principal office or place of business in this State, correct books of account of all its business, and every stockholder in such corporation shall have the right at all reasonable times, by himself or by his attorney, to examine the records and books of account of the corporation."

The court sustained exceptions to the answer to the petition and granted leave to appellant to amend the same. Afterward appellant refused to amend its answer, and judgment was rendered awarding a peremptory writ of mandamus against it, commanding, in the language of said section, a compliance with the statutory requirements.

Let it be noted that the answer, after admitting that appellee is a shareholder, makes but three distinct averments which have any pertinency to the questions to be considered. The first is an unqualified admission that the books of account necessitated by the commercial business of the company are kept in the office where the business is of necessity transacted, in the city of St. Louis, Missouri. The second is a plea of the law of necessity as an excuse for appellant's violation of the statute. The third is a denial of the averment of the petition that petitioner was refused an inspec-

tion of the books and records, coupled with an affirmation that appellant is ready at all times to submit the same to the inspection of appellee, or of any other stockholder, at reasonable hours and for a reasonable time. This offer is significantly silent as to the place of such inspection, and must be taken to be an offer to submit the books of account for examination at St. Louis, Missouri, and not at Belleville, in this State, the place where the books are required to be kept under the law.

Thus, it clearly appears that the only fact averred in the petition which is denied by the answer, is the alleged refusal of appellant to permit an inspection of its books or records. If the other facts set forth in the petition are sufficient to justify the judgment, then the court properly awarded a peremptory writ against appellant upon its refusal to amend the answer.

The facts thus presented to this court, upon which a construction of this statute is to be predicated, are, briefly, that appellant is a stock corporation of this State, organized as hereinbefore stated, and having its principal office or place of business at the city of Belleville, in this State; that appellant keeps its books of account at St. Louis, Missouri, and does not cause to be kept correct books of account at its principal office or place of business in this State, and does not produce, or offer to produce, its books of account at the latter place for inspection by the stockholders at any time or under any circumstances; and that the reason for this non-compliance with the law is that St. Louis, Missouri, is a great commercial center, a city of more than 500,000 inhabitants; that all of the principal customers of appellant have their offices and places of business in St. Louis, and that "in order to do the business intended to be done by said corporation, it is absolutely necessary to keep books of its daily and monthly commercial transactions in its said office in the said city of St. Louis."

Can business necessity be regarded as a sufficient excuse for a non-compliance with the law? Our answer is, no.

The provisions of the statute are clear and unambiguous.

There is no call here for a construction of obscure terms and phrases. The statute says that it is the duty of the directors to cause a certain thing to be done, and this mandate is not qualified by any exception relating to cases of business necessity. It is worthy of remark that the statute does not require the original books of account to be kept in this State. The language is that the directors or trustees shall "cause to be kept at its principal office or place of business in this State correct books of account of all its business," which would probably authorize the keeping of copies or duplicates in this State, in lieu of the original books. The fact that extra expense would be entailed by keeping two sets of books is immaterial. That must be done, or the original books must be kept here, or the statute must be nullified; and we are of the opinion that the law should be enforced regardless of the fact that it may necessitate additional expense, or cause some inconvenience in the management of the affairs of the corporation.

Appellant seems to rely upon the North and South Rolling Stock Company v. The People, 147 Ill. 234, as an authority in its favor. That case, in its controlling features, is wholly unlike this. That was a proceeding by quo warranto to dissolve the corporation. The opinion of the court emphasizes certain facts, as, that the two offices of the company were on opposite sides of the river, one at St. Louis, the other at East St. Louis; that, whenever the books had been required at the East St. Louis office by any stockholder, or other person entitled to see and examine them, they had been produced at that office; and that there was nothing to show the slightest indisposition on the part of the corporation to have its books at East St. Louis when needed there for any lawful purpose. The court say: "It is true that keeping its books for most of the time in St. Louis may not be a strict compliance with the statute in that behalf, but it does not appear that any interest, either public or private, has been, or is likely to be imperiled or incommoded thereby." And again, "It would seem that the primary object of this statutory provision is to protect

the rights of the stockholders, and the evidence is positive that whenever a stockholder has desired to examine the books at that place, they have been produced there for his examination. It is probable that the statute may have had other objects in view in requiring the books to be kept at the principal offices in this State, as, for instance, to aid the State in exercising its visitorial power over the corporation, or, perhaps, to enable creditors of the several stockholders to ascertain the number of shares of stock standing in the name of each, so as to levy their executions or attachments thereon, but there is no reason to suppose that the books would not have been instantly produced whenever required for either of those purposes." And again, "It is not every failure to comply with the exact letter of the statute which will expose a corporation to the loss of its franchises. In determining whether such departure from the provisions of the act of incorporation has occurred as will work a forfeiture, the same general principles of construction are applicable which govern valuable grants to individuals upon conditions subsequent or precedent. In all such cases, a substantial performance of the conditions, according to the intent of the charter, is all that is required, and slight departures are overlooked."

The differences between the two cases are too marked for any labored argument to be necessary to show that, while the decision of the Rolling Stock Company's case was eminently just, that decision has no controlling application to the facts of the case at bar. It would be a very serious thing to so construe a law as to take away the franchise of a corporation when that corporation has manifestly sought to comply with the spirit of the law. It would be a very serious thing to refuse to compel a corporation to obey a statutory requirement, when that corporation has coolly ignored both the letter and the spirit of the enactment.

It is said that mandamus is an extraordinary remedy, available only in exceptional cases. Such was the common law; but under our statutes mandamus will lie in all cases where it affords a proper and sufficient remedy for the en-

forcement of a legal right or an obvious duty, the performance of which involves the exercise of no discretion, without regard to whether there may be some other adequate remedy or not. O. & M. Ry. Co. v. The People, 121 Ill. 483, and cases cited in the opinion.

It is also argued that the petitioner must show some personal injury to himself resulting from the keeping of the books of account at St. Louis, Missouri, before he will be allowed to compel appellant, by mandamus, to keep the books at the principal office in this State. High on Extraordinary Legal Remedies, Sec. 307. We think that the allegations of the petition bring appellee within the meaning of this rule of law.

The petition shows that the petitioner, who owns eight shares of appellant's stock, has fruitlessly applied at the office of the company at Belleville to see appellant's books. This statement is not traversed by that averment of the answer which says that the defendant has never refused the petitioner the right to inspect its books and records. This means no more than that such an inspection would have been permitted at St. Louis, Missouri.

The petition further shows that a majority of the board of directors, including the petitioner, notified the president to place the books of the company in the office at Belleville, but that this notice was ignored; that afterward the petitioner resigned as a director, and a few days after his resignation presented a written demand to the board of directors, at a meeting at the office at Belleville, requiring the board to comply with the said law, but that the board refused to comply with the said demand.

The petition also contains the following averments bearing on this question: "Your petitioner further shows that although he has made frequent endeavors to learn the financial condition of the company, he has been unable to do so, and does not know its condition.

"That in March, 1895, said president and board of directors then agreed to continue in the management of the affairs of the company those then in control, and that in

May, 1893, said Chipley, then president, and said Leathe, then treasurer, deposed the persons then having control, and without authority of the board of directors, took upon themselves the control of the affairs of said company, and, as your petitioner is informed and believes, have lost to said company a large sum of money by reason of the mismanagement of its affairs.

"Your petitioner further shows that he is informed and believes that said Leathe has advanced large sums of money to said company, and that he claims said company is indebted to him by reason of such advancement.

"That your petitioner not being able to see the books of account and records can not learn the exact state of said affairs, and that, in order to protect his interest as a stockholder, it is necessary for him to make an examination of said books, so that such sums, so wrongfully lost and advanced by said Leathe, by reason of his assuming control of said business of said company, contrary to the will of the board of directors, shall not be refunded by said company, and that your petitioner, as a stockholder, may have such necessary information as will enable him to protect his interests in that behalf."

The foregoing facts, averred in the petition, and not denied by the answer, sufficiently show that it is about time for the petitioner to undertake to protect himself as a stockholder, and that, in order to the accomplishment of this end, he may rightfully ask for a writ of mandamus to compel appellant to comply with the law, which guarantees that every stockholder in such corporation shall have the right, at all reasonable times, by himself or by his attorney, to examine the records and books of account of the corporation, and that, too, not in another jurisdiction, but at the company's principal office or place of business in this State.

Appellant's last point is that the writ should run against the person having actual charge of the books, and not against the corporation. The authorities cited in support of this statement relate to cases in which the actual custodian of the books has refused to permit another to examine

them, and not to cases in which the corporation itself, by its directors, is refusing to keep its books at its office in this State, in defiance of the law.

But the question was not presented in any manner to the trial court. If appellant was not the proper respondent, the point should have been made in some appropriate manner in the court below.

The judgment of the Circuit Court is affirmed.