# Warren Pease, Appellee, v. Chicago Crayon Company, Appellant.

## Gen. No. 16,106.

1. MANDAMUS—*when demand to inspect corporate records sufficient.*
*Held*, in this case, that both the written and verbal demands made to inspect corporate records were sufficient, and that such demands having been refused mandamus was properly awarded.

2. MANDAMUS—*when objections cannot be urged on review.* It is too late to urge on review for the first time that a writ of mandamus requiring an inspection of corporate records to be accorded to a stockholder, runs only against the corporation.

3. MANDAMUS—*burden to establish improper purposes in seeking inspection of corporate records.* If a corporation has reason to believe that the motives actuating an application to inspect corporate records are illegal and refuses inspection on that ground, it assumes 'the burden to prove such improper or illegitimate purpose.

Mandamus. Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term; 1909. Affirmed. Opinion filed January 16, 1912.

A. D. GASH, for appellant.

PEASE, SMIETANKA & POLKEY, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

Appellee, who is one of the shareholders of appellant, an Illinois corporation, filed a petition for mandamus setting out his ownership of fifteen shares of the capital stock of appellant; that he had made demand on the corporation to be allowed an inspection of its books and that the demand was refused. The petition further sets forth the purchase of the stock by appellee, and that immediately upon such purchase he offered to surrender the certificate and asked the sec-

retary of appellant to issue him a new certificate; that this demand was refused upon the ground that the stock represented by the certificate had been sold in legal proceedings, and that appellee thereupon began a suit and obtained a decree that a stock certificate be issued to him for his shares, which decree upon appeal to the Appellate and Supreme Courts respectively was affirmed. Pease v. Crayon Co., 235 Ill. 391.

After appellee's right to the stock had been settled by the above litigation he obtained his certificate. The petition further sets forth that appellee made both verbal and written demands for the right to inspect the books of appellant, and sets out a written demand dated Chicago, December, 1908, and the refusal to comply therewith.

To the petition appellant interposed a general and a special demurrer. The special grounds assigned were as follows:

1. That the second, third and fourth paragraphs on page one and all of pages two and three of the petition are immaterial in the case to the issue raised by the prayer therein.

2. That reference to the demand for dividends and refusal of said defendant was immaterial to the issue raised therein, there being no prayer for dividends and there being an allegation that another suit for dividends is pending.

3. That said petition pleads a demand for permission to examine the books by an expert bookkeeper or accountant, whereas the pretended demand was in writing, set out in the petition, and is not a demand but only a request for permission to examine the books.

4. That the request asks for all the minute books of the corporation, whereas the plaintiff is not legally entitled to examine the minutes of the directors' meetings.

5.   Because said petition alleges and says that such examination is desired for speculation purposes and not for a legal purpose of a stockholder.

6.   Also that the petition is in other respects uncertain, informal and insufficient.

The court overruled the general demurrer and all of the special demurrer except clause number four, and the defendant excepted to the ruling and stood by its special and general demurrer.  The court awarded a writ of mandamus directed to the defendant commanding it to permit George Catto or such other responsible or reputable person as petitioner shall appoint to make an examination of all the books of account of said defendant, general ledgers, general cash books, general journals, customers' ledgers and all records, documents and files of said company except its minute books.  To the entry of this judgment appellant excepted and an appeal was prayed and allowed.

It is urged that the writing dated Chicago, December, 1908, set out in the petition, is a mere request for permission to examine the books and is not sufficient. It is claimed that an absolute demand to inspect the books, and refusal of the demand, is necessary before the extraordinary remedy of mandamus may be invoked.  In our opinion the written demand contained in the writing above referred to is sufficient, but beyond that the petition alleges a sufficient verbal demand.

It is next urged that the demand to inspect the books should have been addressed to the officers in charge of the books and not to the corporation, and that because the corporation alone is made a party defendant to the suit the judgment should be reversed.

The prayer of the petition is as follows:

"Wherefore your petitioner prays a writ of mandamus directed to the Chicago Crayon Company and

its officers and directors, commanding them forthwith," etc.

The writ which was ordered by the court ran only against the corporation. After the petition was filed process was issued and the defendant first filed a general demurrer to the petition and then, upon leave given, a special demurrer. In the special demurrer the point is not made that the writ was improperly directed to the corporation. In our opinion it is now too late for appellant to make that point in this court. It was not made in the court below. Crown Coal & Coke Company v. Thomas, 60 Ill. App. 234; Town of Harlem v. Emmert, 41 Ill. 319; Greene v. Masten, 66 Ill. App. 345.

We think that by failing to file a plea in abatement or set up the point on demurrer in the trial court the appellant waived its right to raise the point here. It is not mentioned in the assignment of errors.

It is contended that mandamus to inspect books will not be granted to satisfy the curiosity or to aid the stock market speculations of the stockholder. There is no basis for this contention to be found in the record. The petition does not give rise to any such contention. The petition sets out the reasons which actuated appellee and shows that those reasons are proper and meritorious. The shareholder is not required to show any reason or occasion rendering an examination of the books proper, or a definite or special purpose. The custodian of the books and papers of the corporation cannot inquire into the motives or purposes of the stockholder. If the defendant has reason to believe that the motives were improper or illegitimate, and refuses the inspection on that ground, it assumes the burden of proof of such improper or illegitimate purposes. Stone v. Kellogg, 165 Ill. 192.

In our opinion the judgment of the court below was proper, and it is accordingly affirmed.

*Affirmed.*