## Leo S. Maremont, Appellee, v. Old Colony Life Insurance Company et al., Appellants.

### Gen. No. 19,857.

1. CORPORATIONS, § 178*—*right to inspect books of corporation.* The right of a stockholder under section 13 of the Corporation Act, J. & A. ¶ 2430, to examine the records and books of account of the corporation, cannot be denied by the corporation on the ground that he has an unlawful or improper purpose for inspecting them.

2. CORPORATIONS, § 178*—*books which stockholder has right to inspect.* Stock registers and stock transfer books of a corporation *held* to be a part of "the records of the corporation," within the meaning of section 13 of the Corporation Act, J. & A. ¶ 2430, which gives stockholders the right to examine the records and books of account of the corporation.

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed October 13, 1914.

BOTSFORD & MCCARTHY and L. R. ATKINS, for appellants; GEORGE A. CHRITTON, of counsel.

BLUM, WOLFSOHN & BLUM, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

The petitioner below and appellee in this court applied by properly drawn and filed petition to the Superior Court of Cook county for a writ of mandamus to compel the Old Colony Life Insurance Company, an Illinois corporation, and H. G. Austin, its president, and Joseph McGauley, its secretary (who were made defendants to the petition and are appellants here), to allow him, the petitioner, as a stockholder of the Company, by himself or his attorney, to examine the records and books of account of the Old Colony Life

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Insurance Company at all reasonable times. The defendants answered admitting that Leo S. Maremont was a stockholder, and among other denials and allegations made the following paragraph a part of their answer. For the purpose of this opinion it may be considered to contain expressly or by implication the entire defense of the appellants.

"8. The defendants aver that the said W. M. LeClear" (the petitioner's representative and agent) "demanded that he be permitted to examine the list of stockholders together with their addresses and stock holdings for the purpose of making a copy of and taking same away with him from the office of the defendant corporation, and that these defendants refused to permit him to examine said list. That said W. M. LeClear did not demand permission to examine said list for any lawful or proper purpose, but for the purpose of furnishing to the petitioner herein such list to be used in the furtherance of proposed litigation, and so that the said petitioner might solicit said stockholders to purchase his shares of stock in the defendant corporation, and for other unlawful and improper purposes."

The petitioner filed a general demurrer to the answer, which was sustained by the court, and as the defendants elected to stand by their answer, the court on July 18, 1913, ordered a peremptory writ of mandamus to issue commanding the Old Colony Life Insurance Company, H. G. Austin and Joseph McGauley and each of them to permit the said petitioner or his duly authorized agent to examine the corporate records and books of account of the defendant, the Old Colony Life Insurance Company, during business hours on any busines day upon request made by the petitioner, Leo S. Maremont, or by his duly authorized agent. From that order the defendants have appealed to this court.

We do not see how the court could have done otherwise under the doctrine distinctly laid down by our

Supreme Court in *Venner v. Chicago City Ry. Co.,* 246 Ill. 170, in construing section 13 of "The Corporation Act," approved April 18, 1872, that every stockholder in a stock corporation "shall have the right at all reasonable times, by himself or by his attorney, to examine the records and books of account of the corporation."

In *Venner v. Chicago City Ry. Co., supra,* where the exact question was whether a corporation organized under a special charter was subject to the provisions of the statute or only to the common-law rights of stockholders with reference to access to the books and records of the corporation, the Court said:

"There is a well recognized distinction between the right of a stockholder to inspect the books and papers of a corporation under the common law and an unlimited right given by statute. Under the former the examination can only be compelled where the stockholder asks it in good faith and for reasons connected with his rights as a stockholder. (Citing cases.) Where the right is conferred by statute in absolute terms, the purpose or motive of a stockholder in making the demand for an inspection is not material and he cannot be required to state his reasons therefor. (Thompson on Corporations, 2nd ed., sec. 4516.) The weight of American authority is to the effect that where the right is statutory the stockholder need not aver or show the object of his inspection, and it is no defense under a statute granting the absolute right to inspection to allege improper purposes or that the petitioner desires the information for the purpose of injuring the business of the corporation. A clear legal right given by a statute cannot be defeated by showing an improper motive. If this were so, the stockholder would be driven from a certain definite right given him by the statute, to the realm of uncertainty and speculation."

The appellants maintain that this language is not binding on us because it is *obiter dictum.* If it is a *dictum* it is a "judicial *dictum,*" as the same is defined in *Law v. Grommes,* 158 Ill. 492-494, and we

must leave it to the tribunal which declared the doctrine to modify or limit it, if it chooses, in the direction to which appellants maintain the earlier case of *Stone v. Kellogg,* 165 Ill. 192, points. But we doubt if it will do so. The policy of the State, as expressed in the statute and in the opinion, is in favor of the widest publicity among stockholders concerning corporation affairs.

It is contended on the part of the appellants that the stock registers and stock transfer books of a corporation are not within the statute. They are certainly not "books of account" of the corporation, but they are, in our opinion, a part of "the records of the corporation."

We think the petition was legally sufficient for its purpose, and that demurrer to the answer carried back to it would not be sustainable.

The order of the Superior Court is therefore affirmed.

*Affirmed.*