## Edward H. Breslauer, Appellee, v. S. Franklin & Company, Samuel Franklin and Fred J. Abrams, Appellants.

### Gen. No. 22,002.

1. MANDAMUS, § 179*—*when petition of to compel allowance of inspection of books of corporation by stockholder is sufficient.* A petition for mandamus to compel the respondent corporation and its officers to allow petitioner as a stockholder in the corporation to examine its books and records, alleging that the corporation had its principal place of business in Chicago; that certain of the respondents were its president and secretary, respectively; that petitioner appointed an agent or attorney and requested the corporation, its officers and directors to permit petitioner's representative to examine its books and records, and that the request was denied, *held* to be sufficient.

2. CORPORATIONS, § 179*—*when stockholder may enforce right of inspection of books.* The right of a stockholder to examine the books and records of the corporation may be enforced by mandamus against it and its officers if such right is denied.

3. MANDAMUS, § 122*—*who is proper party respondent.* The corporation is properly joined as a party respondent in a petition for mandamus to enforce the petitioner's right as a stockholder to examine the corporation books and records.

4. CORPORATIONS, § 178*—*what time allowed to stockholder to examine books within mandamus order.* An order awarding a writ of mandamus to a petitioner to examine the books and records of a corporation of which he is a stockholder "during business hours," *held* not to mean that such examination be carried on throughout the entire business day, but during business hours and not in the nighttime.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 18, 1917.

H. C. LEVINSON and LEO W. HOFFMAN, for appellants; MAX DANIELS, of counsel.

LEO KORETZ and S. J. RICHMAN, for appellee.

*See Illinois Notes Digest. Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Cook county, awarding a peremptory writ of mandamus against the appellants, S. Franklin & Company, a corporation, and its president and secretary, commanding them and each of them to forthwith permit the appellee, or his duly-authorized agent or attorney, to examine the corporate records and books of appellant, S. Franklin & Company, during business hours on any business day. Appellee was a stockholder in the corporation, and prior to the filing of the petition he made a written request upon the company and its officers and board of directors to permit him, by his agent, to make an examination of the books. The request being denied, appellee applied for a peremptory writ of mandamus. Section 13, chapter 32, Revised Statutes (J. & A. ¶ 2430) confers upon a stockholder of a corporation the right to inspect the corporate books and records. *Venner v. Chicago City Ry. Co.*, 246 Ill. 170; *Stone v. Kellogg*, 165 Ill. 192.

Appellants contend that the petition is insufficient, in that it does not allege that the appellants are directors or trustees of the corporation, and does not set forth any legal duty upon the appellants to keep corporate records, and further that the petition fails to show that there are any books or records belonging to the corporation, or, that if such books and records were in existence, that they were in the custody or control of the appellants. The statute requires the directors or trustees of every corporation to cause to be kept at its principal place of business corporate books and records. The petition alleges that the corporation has its principal place of business in Chicago; that appellants, Franklin and Abrams, are its president and secretary, respectively; that appellee appointed an agent or attorney and re-

quested the corporation, its officers and board of directors to permit his representative to examine the books and that the request was denied. The statute provides that a stockholder shall have the right at all reasonable times by himself or attorney to examine the books of the corporation. We think the petition is sufficient.

Appellants further contend that the corporation is not a proper party defendant, in that the statute makes it the duty of the directors or trustees to keep the books, and that the writ should run against the parties having the custody of the books. The right of a stockholder to examine the books and records may be enforced against the corporation and its officers if such right is denied. We think the corporation was properly joined as a defendant. *Crown Coal & Tow Co. v. Thomas,* 60 Ill. App. 234; *People v. Weber Co.,* 159 Ill. App. 588; *Maremont v. Old Colony Life Ins. Co.,* 189 Ill. App. 231.

Complaint is also made that the order awarding the writ is broader than that authorized by the statute; that the statute provides that books of account may be examined "at all reasonable times," while the order provides that the examination of the books be made "during business hours on any business day, upon request made by the petitioner," and to continue from day to day until completed; that this is not an examination at all reasonable times as authorized. We think there is no merit in this objection. The order provides that the examination be conducted during business hours. This does not mean that such examination be carried on throughout the entire business day, but it was intended that the examination be not conducted in the nighttime, but only during business hours.

The judgment of the Circuit Court of Cook county is affirmed.

*Affirmed.*