## Edward Baird, Appellee, v. James King et al., Appellants.

### Gen. No. 23,883.

1. CORPORATIONS, § 179*—*immateriality of motive of stockholder seeking to compel corporation to allow inspection of books.* The motive and purpose of a stockholder seeking by writ of mandamus to compel a corporation and its officers to allow him to inspect the corporate books cannot be inquired into for purpose of defeating the writ.

2. CORPORATIONS, § 179*—*when corporation proper party to proceedings to compel allowance of inspection of books to stockholders.* The corporation is a proper party defendant to mandamus proceedings by a stockholder against the corporation and corporate officers to require them to allow him to inspect the corporate books.

3. CORPORATIONS, § 179*—*when president proper party in proceedings to compel allowance to stockholder of inspection of books.* The president of a corporation was properly made a party defendant to mandamus proceedings by a stockholder against the corporation and officers, including the president and secretary, to allow an inspection of the corporate books, where, although the by-laws gave custody of the books to the secretary, the president, in the latter's presence, assumed to exercise control over the matter for the corporation.

Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed February 11, 1919. *Certiorari* denied by Supreme Court (making opinion final).

SCOTT, BANCROFT, MARTIN & STEPHENS, for appellants; JOHN E. MACLEISH and WALTER S. UNDERWOOD, of counsel.

CASSODAY, BUTLER, LAMB & FOSTER, for appellee; ERNEST O. BEST, HARRY EUGENE KELLY and FLETCHER LEWIS, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

This appeal is from an order directing the issuance of a writ of mandamus against appellants to admit appellee (the petitioner), as a stockholder of the defendant corporation, and his attorneys to its offices, and to give him and them complete access to all its books of account and records, which he charged in his petition was denied him both by its manager after he had consulted defendant King, its president, and later by the latter and Morrison, its secretary, after a demand had been made upon them.

Defendants offered to show that the petitioner, though a stockholder, sought examination of such books and records, not for his own benefit as a stockholder, but as the agent of a competing corporation and in pursuance of a conspiracy of its officers to injure defendant-corporation's business. The court rejected such offers, and no testimony having been introduced in behalf of defendants, the court directed a verdict for petitioner upon his motion therefor.

The rejection of such offers is urged as error on the ground that the evidence offered would disclose that the examination was sought for an unlawful as distinguished from an improper purpose, and that such evidence would tend to present a question of fact for the jury, namely, whether the examination was sought by petitioner as a stockholder, to whom alone the statute gives the right, or as an agent for another not a stockholder and, therefore, not entitled to the writ.

Both points may be reduced to the simple proposition whether the motive and purpose of a stockholder seeking such a writ can be inquired into for the purpose of defeating it. That question has been conclusively settled by *Venner v. Chicago City Ry. Co.*, 246 Ill. 170, and *Furst v. W. T. Rawleigh Medical Co.*, 282 Ill. 366. Appellant urges that language was used in *Stone v. Kellogg*, 165 Ill. 192, which recognizes a distinction between an unlawful and an improper purpose. The same point was made in *Maremont v. Old*

*Colony Life Ins. Co.,* 189 Ill. App. 231, in which the court suggested that any modification of the doctrine as laid down in the *Venner* case, *supra,* in the direction it is contended the case of *Stone v. Kellogg, supra,* points, should appropriately be left to the Supreme Court to make. Since that time the *Furst* case, *supra,* has been decided, in which similar facts to those included in the rejected offers were pleaded and held unavailing, the court saying, "that it was no defense in such action to allege that the stockholder was actuated by improper motives or that the information was sought in order to injure the business of the company."

It is also urged that the corporation is not a proper party to the proceeding, that the order should be directed only to the party having custody of the books sought to be examined, which the by-laws of the corporation gave to its secretary, Morrison, one of the parties defendant. In similar cases, including the *Venner* and *Furst* cases and others that might be cited, it has been the practice to make the corporation a party defendant, and while the propriety thereof was not questioned in those cases, we think it is the usual and proper practice. As it is the corporation that is required to keep such books and give each stockholder a right to examine them, it would seem to be at least a proper party to the proceeding, and while it must, of course, act through its agents, who may also properly be made parties, the remedy seemingly ought to be complete if directed against the corporation alone, as the custodians might change during the progress of the action, thus causing unnecessary delay and embarrassment.

As to the propriety of making the president as well as the secretary a party while the by-laws gave the custody of said books to the secretary, the record discloses that the president in his presence assumed to exercise control over the matter for the corporation. By reason of his assumed, if not his actual, authority,

we think he was properly made a party.   We find no error.

*Affirmed.*