## Clarence V. Wilson, Appellant, v. Mackinaw State Bank et al., Appellees.

1. CORPORATIONS, § 178*—*extent of statutory right of stockholder to examine books.* The right of a stockholder to examine the books and records of the corporation which is granted by Rev. St. ch. 32, sec. 13 (J. & A. ¶ 2430) is absolute and does not depend upon any circumstance or condition except the ownership of stock.

2. CORPORATIONS, § 178*—*what corporations are affected by statute as to examining books by stockholders.* The right given stockholders by Rev. St. ch. 32, sec. 13 (J. & A. ¶ 2430) to examine the books and records of the corporations is not limited to stockholders in corporations which are organized under the General Corporation Act, but is enacted under the police power of the State and applies to every corporation for pecuniary profit organized under the laws of the state, including banking corporations, though the latter's

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

charters are authorized by different constitutional and statutory provisions which authorize corporations generally.

3. CORPORATIONS, § 178*—*what is extent of stockholder's common-law right to examine books.* Under the common law a stockholder is entitled to examine the corporate books and records only when he shows that the request therefor is made in good faith and for reasons connected with his rights as a stockholder.

4. CORPORATIONS, § 178*—*what is effect of stockholder's purpose in examining books.* Under Rev. St. ch. 32, sec. 13, the purpose or motive of a stockholder in seeking an inspection of the corporate books is immaterial and he cannot be required to state his reasons and they are not subject to inquiry, the only qualification of his right being that it shall be exercised at reasonable times.

5. CORPORATIONS, § 179*—*when corporation is proper party to suit to compel inspection of books.* A bank may be properly made a party defendant in its corporate capacity to a petition for mandamus brought by a stockholder of the bank to compel the bank and its officers to permit him to examine the corporate books and records.

6. MANDAMUS, § 107*—*who may be compelled to obey writ.* A corporation may be compelled to obey a peremptory writ of mandamus.

Appeal from the Circuit Court of Tazewell county; the Hon. CHARLES V. MILES, Judge, presiding. Heard in this court at the October term, 1919. Reversed and remanded with directions. Opinion filed April 27, 1920.

KIRK & SHURTLEFF, for appellant.

JESSE BLACK, JR., for appellees.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Clarence V. Wilson, appellant, filed his petition for mandamus in the circuit court of Tazewell county in which, as amended, it is averred that the Mackinaw State Bank was organized and is operating under the general banking laws of the State of Illinois; that it has a capital stock of $30,000, divided into thirty shares of the par value of $1,000 each; that appellant

is the owner of one share of said stock and that Benjamin F. Wilson and Lyman Porter are president and cashier, respectively, of said defendant bank and are in the active management of the affairs thereof; that correct books of account and business affairs of said bank have been kept as said bank; that said books of account and records of said bank are in the custody of said president and cashier; that said appellant, on October 10, 1918, and November 6, 1918, made verbal and written demands upon said officers of said bank, for permission to examine all the records and books of account thereof, but that they denied to him such permission; that he requested permission to make such examination during the regular business hours of said bank at such hours and on such days as would result in the least inconvenience to the conduct of the regular business of said bank; that said bank and its said officers have continuously refused to grant such permission to appellant and have refused to fix and inform him of any time or place when and where appellant or his attorney may examine the said records and books of account of said bank; that it was the duty of said bank and said officers to permit appellant to make such examination at some suitable and reasonable time and place, but that they have continuously refused so to do contrary to the statute in such case made and provided. The prayer is that a writ of mandamus may be awarded to appellant against said bank and said officers thereof commanding them to permit appellant to make such examination in such manner as not to interrupt the business of the bank.

To the amended petition, appellees filed a general and special demurrer. The causes for the special demurrer are: First, that appellant has no right in law by himself and his attorney to examine the records and books of account of the Mackinaw State Bank; second, the provisions of the general statute of the State of

Illinois for the organization of corporations, permitting stockholders, by themselves or their attorneys, to examine the records and books of account of a corporation at all reasonable times, do not apply to the Mackinaw State Bank, a banking corporation, organized and operating under and by virtue of the provisions of the Banking Act; third, that appellant and his attorney have no right to examine the records and books of account of said bank by virtue of any law or statute of the State of Illinois and that said bank is subject to no other reports, visitations or examinations than those provided by said Banking Act; fourth, the petition shows no sufficient reason on its face to warrant such permission for such examination; fifth, the petition is, in other respects, uncertain, informal and insufficient.

Appellant bases his right to examine the records of the bank upon section 13, ch. 32, of the Revised Statutes, commonly referred to as the General Corporation Act (J. & A. ¶ 2430), which is as follows: "It shall be the duty of the directors or trustees of every stock corporation to cause to be kept at its principal office or place of business in this State, correct books of account of all its business, and every stockholder in such corporation shall have the right at all reasonable times, by himself or by his attorney, to examine the records and books of account of the corporation." It is the contention of appellees that this section has no application to any corporation not organized under the General Corporation Act because a State Bank is organized by virtue of entirely different constitutional provisions and statutory enactments. It obtains its charter from the State Auditor while the ordinary corporation secures its charter from the Secretary of State. By the provisions of the Banking Act, a State bank is required to submit to visitations and examination under the direction of the Auditor whenever he deems it necessary and to make

full and detailed reports of the bank's condition to the Auditor, and the provisions of the Banking Act requiring such visitation and examination by the Auditor precludes the right of visitation and examination by any one else.

It is well settled that the right granted by section 13, ch. 32, Rev. St. (J. & A. ¶ 2430) to a stockholder to, at all reasonable times, examine the records and books of account of a corporation is absolute and does not depend upon any circumstance or condition except the ownership of the stock. *Venner v. Chicago City Ry. Co.*, 246 Ill. 170; *Furst v. W. T. Rawleigh Medical Co.*, 282 Ill. 366; *Stone v. Kellogg*, 165 Ill. 192. It is insisted by appellees, however, that this right does not extend to stockholders in State banks organized under the Banking Act because it has been repeatedly held that the provisions of the General Corporation Law apply only to corporations organized under that law, and the cases of *Wincock v. Turpin*, 96 Ill. 135; *Stevens v. Pratt*, 101 Ill. 206; and *Union Mut. Life Ins. Co. v. Frear Stone Mfg. Co.*, 97 Ill. 537, are cited to sustain this contention. The facts in the case of *Venner v. Chicago City Ry. Co., supra,* disclose that that railway company was incorporated in 1859 under a special public act of the legislature. In that case the contention was made that because the railway company had been created by a special act of the legislature and many years prior to the passage of the General Corporation Law, section 13 of the latter (J. & A. ¶ 2430) could have no application to the railway company, and the same authorities were there cited in support of this contention, but the court held in that case that section 13 was passed under the police power of the State and applied to every stock corporation, and said: "Whatever grants, stipulations or restrictions may be found in a charter of a corporation, it is within the power of subsequent legislatures

to render it subject to general laws enacted under the police power of the State.''

Section 5 of article XI of the Constitution provides in part as follows: ''No act of the general assembly authorizing or creating corporations or associations with banking powers, whether of issue, deposit or discount, nor amendments thereto, shall go into effect or in any manner be enforced unless the same shall be submitted to a vote of the people at the general election next succeeding the passage of the same, and be approved by a majority of all the votes cast at such election for or against such law.'' By reason of this constitutional provision it is urged that section 13 of the General Corporation Act (J. & A. ¶ 2430) cannot apply to a State bank because no law containing such a provision in regard to State banks was ever passed by the legislature and submitted to and approved by a vote of the people. Under the reasoning adopted in the *Venner* case, the constitutional provision above mentioned would not exclude State banking corporations from the operation of general laws passed by the general assembly under the police power of the State, and many such laws now exist. In the *Venner* case, it is substantially held that while the primary object of the legislature in enacting section 13 of the General Corporation Act was to protect the rights and interests of stockholders, yet that was not the sole purpose thereof, but it is an aid in the protection of the general public as well, because the direction that every stock corporation shall keep at its principal office in this State correct books of account of all its business assists the State in exercising its visitorial power over the corporation and helps to protect the public from monopolies, unlawful combinations and unreasonable exactions, and it also enables creditors of the several stockholders to ascertain the number of shares of stock standing in the name of each so they may levy their executions or attachments

thereon. In other words, the decision in the *Venner* case in effect holds that said section 13 was enacted under the police power of the State and applies to every corporation for pecuniary profit organized under the laws of the State.

Under the common law, a stockholder was entitled to such examination only when he showed that the request therefor was made in good faith and for reasons connected with his rights as a stockholder, but where a statute grants the right in absolute terms, the purpose or motive of the stockholder in seeking such inspection is immaterial and he cannot be required to state his reasons therefor, and the latter are not subject to inquiry. The only qualification of his right to such examination is that it shall be exercised at reasonable times. *Furst v. W. T. Rawleigh Medical Co., supra; Venner v. Chicago City Ry. Co., supra; Stone v. Kellogg, supra.*

It is further claimed that the petition is defective because the bank in its corporate capacity was made a party defendant. This reason is not assigned as one of the causes in the special demurrer, but it is claimed that a misjoinder of parties, when apparent upon the face of the pleadings, can be availed of by general demurrer. We can see no logical reason why the bank in its corporate capacity should not be made a party defendant. A corporation can only act through its agents, and a writ of mandamus directed against a bank commanding it to perform a corporate duty would necessarily compel the officers and agents having control thereof to comply with the mandate. The president and the cashier of a bank do not necessarily have the absolute control and custody of all the records and books of account of the bank. Primarily, such records and books of account are in the custody and under the control of the board of directors. The Banking Act adopted in 1888 and the recent revision adopted in 1919 [Callaghan's 1920

Stats. ¶ 688(4)] each contains the following provi-
sion: "The directors shall cause to be kept suitable
books of record of all the transactions of the bank
or association and shall furnish to the Auditor lists
of the stockholders and copies of any other records
the Auditor may require." Corporations may be in-
dicted, convicted and punished for violations of crim-
inal laws. 10 Cyc. 1225 et seq. It has even been held
that a national bank can be indicted and punished in
a State court for a violation of a State law which
makes usury a misdemeanor. *State v. First Nat.
Bank,* 2 S. D. 568. If a corporation in its corporate
capacity can be indicted and punished for the com-
mission of a crime, there is no good reason why it
could not be compelled to obey a peremptory writ of
mandamus. In the *Venner* case, the Chicago City
Railway Company, in its corporate capacity, and its
president and secretary, were made parties defend-
ant in the petition. In the trial court, a demurrer was
interposed to the answer filed by the defendants and
was carried back and sustained to the amended peti-
tion. The petitioner elected to abide by his amended
petition and it was dismissed and judgment rendered
against the petitioner. This judgment was reversed
by the Supreme Court on the ground that the trial
court erred in sustaining the demurrer to the peti-
tion. In the petition in the *Furst* case, *supra,* the
Rawleigh Medical Company, in its corporate capacity,
its president and its secretary, were made parties
defendant. The Rawleigh Medical Company and the
president filed a joint general demurrer to the petition
which was overruled. The secretary filed an answer
to the petition to which answer the petitioner de-
murred and the demurrer thereto was sustained. The
Rawleigh Medical Company and the president elected
to abide by their demurrer to the petition and the
secretary elected to abide by his answer. A judg-
ment was rendered against all the defendants award-

ing the peremptory writ. All the defendants appealed and the judgment was affirmed. It is true that in neither the *Venner* case nor the *Furst* case does it appear that the question of the sufficiency of the petition was attacked on the ground that there was a misjoinder of parties, but in each case the sufficiency of the petition was disposed of on consideration of a demurrer thereto and that was the sole question involved therein. In the case of *Breslauer v. S. Franklin & Co.*, 205 Ill. App. 372, this question was, however, directly passed upon, and it was there held that the corporation was properly joined as a party defendant.

The judgment of the circuit court is reversed and the cause remanded with directions to overrule the demurrer to the petition.

*Reversed and remanded with directions.*