Evelyn Hohman, Appellee, v. Illinois-Iowa Power
Company and E. E. Smith, Appellants.

Heard in this court at
the October term, 1939. ▆▆▆▆ Opinion filed March 9, 1940.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, of East
St. Louis, for appellants.

JOSEPH H. GOLDENHERSH, of East St. Louis, for ap-
pellee.

MR. JUSTICE DADY delivered the opinion of the court.
On September 15, 1938, the plaintiff, Evelyn Hoh-
man, who is the appellee, filed in the city court of
East St. Louis her verified complaint consisting of two
counts. The first count prayed that a writ of man-

damus issue against the defendants, Illinois-Iowa Power Company, a corporation, and E. E. Smith, who are the appellants. Both sides agree that the only question for this court to pass upon is whether the trial court erred in ordering the writ as prayed in such count.

Such count alleged in substance that plaintiff was at the time of filing said complaint, and had been for a period of more than six months prior to August 23, 1938, the owner and holder of 444 shares of stock in the Illinois-Iowa Power Company, an Illinois corporation; that on August 23, 1938, plaintiff caused to be served on defendants a demand in writing, demanding that plaintiff, by her attorney, be permitted to examine the books, records and list of stockholders of said corporation, and make such extracts therefrom as she desired; that she informed defendants of the purpose for which said examination was desired, to wit, "for the purpose of solicitation of proxies," and that said purpose was a proper purpose for examination of said records in accordance with the statute, but that defendants refused to permit plaintiff or her attorney to examine said books, records and list of stockholders. The count then prayed that a writ of mandamus issue ordering defendants to permit plaintiff and her attorney to examine the books, records and list of stockholders of said corporation and make any extracts therefrom that plaintiff and her attorney should desire to make.

Such count stated that a copy of said demand was attached to the complaint. The copy so attached was directed to E. E. Smith, transfer agent, and to Illinois State Trust Company, registrar of said corporation, and notified them that plaintiff was then and had been the legal owner and holder of stock in said corporation for a period of more than six months prior to August 23, 1938, and that plaintiff demanded that said transfer agent and registrar permit Joseph H. Gol-

denhersh, as plaintiff's attorney, to examine on August 23, 1938, the books, minutes and records of share holders of said corporation, and that such attorney be permitted to make such extracts therefrom as he should desire.

The separate answer of each defendant admitted that the record list of stockholders of said corporation shows that plaintiff was at the time of filing such answer the legal holder of 296 shares of stock in said corporation, but denied that plaintiff had been the owner and holder thereof for a period of more than six months prior to August 23, 1938; admitted that a copy of said demand was served upon such defendant; denied that in said demand the plaintiff informed such defendant of the purpose for which the examination of the record list of stockholders was desired; denied that in violation of the statute such defendant refused to permit plaintiff or her attorney to examine said books, records and list of stockholders, and denied that plaintiff was entitled to the relief prayed.

The cause was tried by the trial court without a jury.

On April 14, 1939, such court entered an order directing that the writ issue as prayed, to review which order the defendants bring this appeal.

The first contention of defendants is that the complaint does not state a cause of action, but the only specific objection thereto is that the allegation of the complaint "being predicated upon a legally insufficient demand fails to state a cause of action." The record does not show that the sufficiency of the complaint was questioned in the trial court, where amendments, if necessary, could easily have been made. The statute, sec. 157.45, ch. 32, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 32.045], on which this action is based, provides that "Any person who shall have been a shareholder of record for at least six months immediately preceding his demand . . . shall have the right

to examine . . . at any reasonable time or times, for any proper purpose, its books and records of account . . .'' This statute does not require that the demand be in writing but the demand may be either written or oral or partly written and partly oral. (*Pease v. Chicago Crayon Co.*, 167 Ill. App. 31.) The written demand did not state the purpose of the examination and of the making of extracts. The complaint, however, not only alleges the making of such written demand but in addition alleges plaintiff informed defendants that the purpose thereof was the solicitation of proxies, which purpose in our opinion was a proper purpose. In our opinion the complaint sufficiently states a cause of action.

Defendants next contend that plaintiff had the burden of proving that the examination was for a proper purpose, and that plaintiff offered no such proof. The complaint alleged the purpose, which, as we have said, was a proper purpose. The answers do not deny that such was the purpose. Therefore the allegation of the complaint as to purpose was admitted, and the question of purpose was not in issue. (See sec. 11, ch. 87, sec. 164, ch. 110, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 109.435, 104.040].

The judgment of the trial court is affirmed.

*Affirmed.*