JOHN W. MAYER, JR., ET AL. V. STATE OF NEBRASKA, EX REL. R. G. WILKINSON ET AL.

FILED DECEMBER 9, 1897. No. 7487.

1. **Mandamus: PLACE OF TRIAL.** In an application for a writ of *mandamus* where issues of fact are presented for trial, a judge of the district court cannot allow a peremptory writ at chambers in vacation. The trial of such issues must be at a session of court in the home forum or place of the litigation.

2. ———— JURY TRIAL. The trial of issues of fact on an application for a *mandamus* is not one in which a jury may be demanded as a matter of right.

ERROR from the district court of Nemaha county. Tried below before BUSH, J. *Reversed.*

*G. W. Cornell* and *W. H. Kelligar*, for plaintiffs in error.

*G. B. Beveridge, contra.*

HARRISON, J.

It appears herein that on April 19, 1894, John W. Mayer, Jr., filed with the city clerk of the city of Auburn, this state, an application for license to sell intoxicating liquors in said city. May 19, 1894, a remonstrance against the granting of the license was filed, and June 5, 1894, the matter was heard, and as results of the hearing the remonstrance was overruled and an order made

by which the license was granted. The remonstrators gave due notice of an appeal and on the 16th of June filed a transcript of the proceedings of the city council at the hearing on the remonstrance, in the district court and perfected an appeal. On the same day, June 16, John W. Mayer, Jr., paid to the proper officer of the city the license fee and received his license. On the same day the mayor and council were notified of the perfection of the appeal and a demand was made of them to revoke or recall the license, pending the disposition of the appeal. On July 2, 1894, the city council held a session at which the demand for the recall of the license was considered and denied. On July 6, 1894, this action was instituted in the district court of Nemaha county, the relief asked being that a writ of *mandamus* issue to the city council of Auburn commanding it to revoke or recall the license issued to John W. Mayer, Jr. On the succeeding day, at chambers, the judge of the district court allowed an alternative writ, which was issued, and on the 17th of the same month the respondents filed returns or answers to the writ. A hearing was had before the judge at chambers, resulting in a peremptory writ being ordered and issued. The respondents have prosecuted error proceedings to this court.

At the time of the hearing the respondents challenged the jurisdiction of the judge to hear or try the cause at chambers on the ground that issues of fact were presented by the pleadings and were not triable by a judge at chambers and in a county of the judicial district other than the one in which the cause of action arose and suit was instituted. This was overruled and the ruling is the subject-matter of one of the assignments of error herein. There were allegations of facts which for their existence depended on proofs to be introduced on the hearing or trial. This being true, did the judge err in hearing the cause at chambers? In section 39 of chapter 19, Compiled Statutes, entitled "Courts," it is stated that "A judge of the district court may sit at chambers

anywhere within his district for the purpose of  *  *  *
hearing an application for *mandamus* or *habeas corpus*."
In the case of *State v. Pierce County*, 10 Neb., 476, this
section was under consideration, and it was said:
"Judges of the district courts have no jurisdiction in
vacation to award writs of *mandamus*." In 1881, what
now appears as section 57 of the same chapter was
passed by the legislature, in which it is provided that a
judge of the district court may act at chambers at any
time and place within his judicial district, and while so
sitting shall have the power "to hear and determine
application for writ of *mandamus*." This court constru-
ing this in connection with the provisions of section 648
of the Code of Civil Procedure wherein it is stated:
"When the right to require the performance of the act
is clear and it is apparent that no valid excuse can be
given for not performing it, a peremptory *mandamus* may
be allowed in the first instance. In all other cases the
alternative writ must first be issued," has held that a
judge of the district court may at chambers grant or
order a peremptory writ of *mandamus*, but this only when
the right is clear and not when there are issues of fact
for trial. (*American Water-Works Co. v. State*, 31 Neb.,
445; *Byrum v. Peterson*, 34 Neb., 237.) Under the rule
enunciated in the decisions cited the judge erred in hold-
ing that he had jurisdiction to try this cause in vacation
at chambers. There being issues of fact, the cause
should have been tried in open court at its home forum.

As a branch of the demand that the cause be tried in
a session of the court a request or demand for trial by
jury was made. The denial of this is assigned for error.
In section 653 of the Code of Civil Procedure it is said of
proceedings on an application for *mandamus*: "No other
pleading or written allegation is allowed than the writ
and answer. These are the pleadings in the case, and
have the same effect and are to be construed and may be
amended in the same manner as pleadings in a civil
action; and the issues thereby joined must be tried, and

the further proceedings thereon had, in the same manner as in a civil action." In sections 279-281 it is provided:

"Section 279. A trial is a judicial examination of the issues, whether of law or of fact, in an action.

"Sec. 280. Issues of law must be tried by the court, unless referred as provided in section 298. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered as hereinafter provided.

"Sec. 281. All other issues of fact shall be tried by the court, subject to its power to order any issue or issues to be tried by a jury, or referred as provided in this Code."

It is apparent that under the provisions of the sections of the Code quoted the trial by jury in the present action was one which could not be demanded as a matter of right; hence the judge did not err in his ruling relative to the demand for a jury trial. The provisions of these sections of the Code are not in conflict with the constitutional provision in regard to right of trial by jury. "The constitutional provision is that the right of trial by jury shall remain inviolate (Constitution, art. 1, sec. 6); but this does not mean that in all cases a party has a right to have the facts determined by a jury. The provision preserves the right to jury trial as it existed when it was adopted, but it does not create or extend such right." (*Sharmer v. McIntosh*, 43 Neb., 509.)

It follows from the conclusions we have reached that the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.

NORVAL, J., took no part in the foregoing decision.