JAMES P. KLOTZ *vs.* PAN-AMERICAN MATCH COMPANY & others.

Suffolk.    November 12, 1914. — April 24, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Corporation*, Right of stockholder to inspect books and records, Foreign, By-laws. *Mandamus.*

The common law right of a stockholder in a corporation to inspect the books and records of the corporation at seasonable times and for proper purposes is well established; but the right is a qualified and not an absolute one, and the issuing of a writ of mandamus, which is the appropriate remedy to enforce the right in this Commonwealth, is discretionary.

The statutory right to inspect the books and records of corporations given to stockholders by St. 1903, c. 437, § 30, here was assumed to be applicable only to domestic corporations; the remedy of a stockholder in a foreign corporation having its usual place of business in this Commonwealth being a writ of mandamus to enforce his common law right of inspection.

A by-law of a foreign corporation, whose place of business is in this Commonwealth, whose officers reside here and whose books and records are kept here, providing that "the directors shall determine from time to time whether, and, if allowed, when and under what conditions and regulations the accounts and books of the corporation (except such as may by statute be specifically open to inspection) or any of them shall be open to the inspection of the stockholders, and the stockholders' rights in this respect are and shall be restricted and limited accordingly," where no provision of the general law of the State of incorporation or of the charter of the corporation authorizes such a by-law, is invalid against a

stockholder seeking by a petition for a writ of mandamus in this Commonwealth to enforce his common law right of inspection.

In holding invalid a by-law of a corporation which unreasonably obstructed a stockholder's common law right to inspect the books and records of the corporation, it was *said*, that undoubtedly a corporation may make reasonable regulations as to the time and manner of the inspection of its books by stockholders.

PETITION, filed on July 2, 1914, by the holder of one hundred and seventy-six shares of the common stock of the Pan-American Match Company, a corporation organized under the laws of the State of Delaware and having its usual place of business and its principal office and manufacturing plant at Worcester in this Commonwealth, against that corporation and three individual respondents, Sterling, Buxton and Tatman, respectively its president, treasurer and secretary, for a writ of mandamus commanding the respondents to produce for examination and permit the petitioner and his agents and attorneys to examine and take copies of and abstracts from certain books, records and papers described in eighteen paragraphs of the petition, as printed below, subject to such regulations as the court might prescribe.

The eighteen paragraphs of the petition, describing the books, papers and records of which an inspection with permission to make copies was desired, were as follows:

"1. The minutes of organization and of all proceedings of the board of directors and of the stockholders of the Pan-American Match Company since the incorporation of the company, and including the by-laws and corporate charter.

"2. The stock ledger, showing the amount and kind of capital stock issued, and to whom issued, and the consideration paid therefor.

"3. The stock certificate books, including the stub record of all certificates issued.

"4. All contracts of subscription and other instruments in writing, showing the relation between the respective stockholders of the company.

"5. All contracts made in the name or in behalf of the Pan-American Match Company, under which it purchased, or agreed to purchase, the property and assets of the United States Match Company, and of the Colonial Match Company, or either of them.

"6. The agreement containing the terms of the purchase of any other assets of the Pan-American Match Company.

"7. Contracts setting forth the terms of the merger or consolidation of the Pan-American Match Company with the United States Match Company of Indiana.

"8. Ledger of the Pan-American Match Company containing complete record of assets and liabilities.

"9. The books, ledger, and other corporate records of the United States Match Company of Indiana.

"10. The books, ledger, and other corporate records of the Colonial Match Company, provided said company has consolidated or entered into an agreement for consolidation with the Pan-American Match Company.

"11. All instruments, papers, and other records of the Pan-American Match Company referring or in any way relating to its purchase from Henry Stair and W. W. Sterling, or either of them, of the match machinery formerly owned by the Indiana Match Corporation.

"12. The contract of purchase wherein the Colonial Match Company agreed to buy eighteen or more match machines from the United States Match Company, and the records showing amounts paid under said contract.

"13. Any other contracts for the sale of match machinery to other persons, corporations, and subsidiary companies.

"14. All papers, records, and other instruments in writing showing, referring, or relating to any commissions on the sale of stock paid to the respondents Charles T. Tatman, W. W. Sterling, and A. L. D. Buxton, and to one A. A. Buxton, or to either of said gentlemen, or relating to any other commissions to be paid for the sale of the stock of said Pan-American Match Company.

"15. The contract containing the terms of purchase of the manufacturing plant and property of the Pan-American Match Company.

"16. All papers, books, and writings of the Star Match Company, and particularly such as relate or refer to the patent rights in the 'Lundgren or Sterling Automatic Match Machine.'

"17. A statement of the auditor or accountant showing complete inventory, and of all expenditures and receipts to date.

"18. Any and all other books, papers, and records referring or in any way relating to the affairs of the company."

The case was referred to an auditor, and later was heard by *Braley,* J., upon the original report and a supplemental report of the auditor and also the oral testimony of the respondent Buxton and of one Longacher, who was the superintendent of the respondent corporation in charge of its factory. The justice found upon all the evidence that the facts were as stated by the auditor except that a certain payment was not made in cash but was assumed as a liability of the respondent corporation. The justice stated that so far as the issuance of the writ was discretionary he should exercise his discretion in favor of the petitioner. At the request of the respondents the justice reported the case upon his findings of fact for determination by the full court upon all questions of law. If as matter of law the petitioner was entitled to relief, the writ was to issue; otherwise, the petition was to be dismissed.

The case was submitted on briefs.

*C. T. Tatman,* for the respondents.

*E. Rheinfrank & J. S. Graham,* for the petitioner.

DE COURCY, J. The common law right of a stockholder to inspect the books of a corporation at seasonable times and for proper purposes is well established. See cases cited in notes, 45 L. R. A. 446; 20 L. R. A. (N. S.) 185; Ann. Cas. 1913 E 173. The right is based on the stockholder's interest in the assets and business of the corporation. It was said by Knowlton, C. J., in *Varney* v. *Baker,* 194 Mass. 239, 240: "The stockholders of a corporation are the equitable owners of its assets, and the officers act in a fiduciary relation as agents of the corporation and of the stockholders. They should be ready to account to the stockholders for their doings at all reasonable times, and the stockholders have a right to inspect their records and accounts, and to ascertain whether they are faithful, honest and intelligent in the performance of their duties."

This common law right, however, is a qualified and not an absolute one; and further, the remedy in this Commonwealth is by mandamus, which is a discretionary writ. A stockholder ordinarily will be permitted to examine the books and accounts when he is seeking information as to the condition of the corporation in

good faith and for the purpose of protecting his own rights or advancing the interests of the corporation. But the rights of the corporation itself, especially in the protection of trade secrets, and the interests of the other stockholders, will not be disregarded by the court in acting upon the application. *Varney* v. *Baker, ubi supra. Butler* v. *Martin,* 220 Mass. 224.

The statutory right of inspection, given to stockholders by St. 1903, c. 437, § 30, need not be considered in the case at bar, as presumably it is applicable only to domestic corporations. See *Powelson* v. *Tennessee Eastern Electric Co.* 220 Mass. 380.

The respondent company is a foreign corporation, incorporated under the laws of Delaware. Its manufacturing plant and its principal office and books are in the city of Worcester in this Commonwealth, and the respondent officers reside there. That our courts will enforce the common law right of a stockholder to examine the books of a foreign corporation in these circumstances was settled in *Andrews* v. *Mines Corp. Ltd.* 205 Mass. 121. As was said in that case, in order to enforce this right of inspection "the court is not called upon to investigate the internal affairs of the corporation, or to make any order that affects it in the management of its business, or in the relations of stockholders to one another."

As justification for their refusal to permit an inspection the respondents rely on Article 42 of the by-laws of the corporation, and the action of the directors thereunder. The by-law is as follows: "The directors shall determine from time to time whether, and, if allowed, when and under what conditions and regulations the accounts and books of the corporation (except such as may by statute be specifically open to inspection) or any of them shall be open to the inspection of the stockholders, and the stockholders' rights in this respect are and shall be restricted and limited accordingly." The resolution of the directors, after the preliminary recitals, was: "Be it resolved, that action upon the demand of James P. Klotz be deferred until such time as the directors in their discretion see fit to grant the required inspection and information in whole or in part."

The apparent purpose and practical effect of this by-law is to defeat the common law right of a stockholder to inspect the books of the corporation in which he is financially interested.

The determination of the exercise and extent of that right is taken from the court and delegated to the discretion of the very men whose conduct in carrying on the business the petitioner properly desires to investigate. No provision of the general law of Delaware or of the corporation's charter authorizing the corporation to bind the stockholders by such a by-law has been shown. And, as no evidence of the common law of that State applicable to the case was introduced at the trial, we must presume that it is the same as that of Massachusetts. *Lemieux* v. *Boston & Maine Railroad,* 219 Mass. 399.

The power of a corporation to prescribe rules for its government and to regulate the conduct and define the duties of its members is not an unlimited one. Among the recognized conditions to the validity of such internal regulations, one is that such by-laws must be reasonable, and another that they must not contravene the established principles of right guaranteed by the common law. Familiar instances of by-laws held to be invalid, especially in business corporations, where property rights are involved, are those attempting to impair the right of stockholders to sue in the courts; to absolve shareholders from their statutory liability to creditors; or to impose upon shareholders a liability to pay the corporate debts when not within the powers conferred on the corporation. *Nute* v. *Hamilton Mutual Ins. Co.* 6 Gray, 174. *Trustees of Free Schools in Andover* v. *Flint,* 13 Met. 539. *Traders & Mechanics' Ins. Co.* v. *Brown,* 142 Mass. 403. *Greene* v. *Mayor of Fitchburg,* 219 Mass. 121. 10 Cyc. 356, 357, and cases cited. Undoubtedly a corporation may make reasonable regulations as to the time and manner of the inspection of its books by stockholders. But it cannot make a by-law which denies or unreasonably obstructs their common law right. *Hodgens* v. *United Copper Co.* 67 Atl. Rep. (N. J.) 756. *State* v. *Citizens' Bank,* 51 La. Ann. 426. *State* v. *Jessup & Moore Paper Co.* 1 Boyce (Del.) 379.

The respondent corporation has accepted the provisions of our statutes enabling it to do business in Massachusetts. In fact its property and officers, its books and their custodians are within this State; and it carries on its business here. Our courts have jurisdiction of the parties and practical means of enforcing a decree for inspection of the corporate books, thereby doing substantial justice to all parties interested. The by-law relied upon

is invalid in our opinion, and cannot deprive the petitioner of his legal rights, nor this court of the power to enforce them. *Andrews* v. *Mines Corp. Ltd. ubi supra.* See *Richardson* v. *Clinton Wall Trunk Manuf. Co.* 181 Mass. 580; *Harding* v. *American Glucose Co.* 182 Ill. 551, 633; *Ernst* v. *Rutherford & Boiling Springs Gas Co.* 38 N. Y. (App. Div.) 388.

It remains to determine the scope of the examination to which the petitioner is entitled. He seeks to examine all the books, records and papers specified in the petition under eighteen heads, and to take copies and abstracts therefrom. Before considering the requests in detail some of the material facts found by the auditor should be stated. There is outstanding $530,800 of the common stock and $215,975 of the preferred stock of the respondent company. It is engaged in the business of manufacturing and selling matches and match machinery, and acquired its property by purchase from the Colonial Match Company, the United States Match Company, the Pan-American Match Company of Ohio, and the Star Match Company, — paying in stock and money. At the time when the plant of the Colonial Match Company was bought, the respondents Sterling and Buxton, and the latter's brother, A. A. Buxton, constituted a majority of the board of directors of the Colonial Company; Sterling was one of the directors of the respondent company; and the other six directors of the respondent company were closely associated, in one way or another, with Sterling and later with Buxton. The petitioner owns one hundred and seventy-six shares of the common stock of the respondent company, was formerly interested in the Pan-American Match Company of Ohio, and is thoroughly familiar with the manufacturing of matches. Before bringing this petition he sought employment from the respondents and attempted to sell them his stock. The auditor found that the petitioner is acting in good faith in seeking the information he demands. The report of the single justice states that in so far as the issuance of the writ is discretionary, he would exercise his discretion in favor of the petitioner.

We are of opinion that the petitioner is entitled to relief as follows: He may inspect and make copies of or extracts from those books and papers specified in the fifth paragraph of his petition, numbered 1, 2 and 3, embracing the records of the corporation

and of the directors, the stock certificate books and stock ledger; also the ledger of the respondent company (No. 8); the statement of the auditor or accountant (No. 17); and the contracts for the purchase of the property and assets of the Colonial Match Company (included in No. 5). The other requests are denied. As to these it may be said generally that those numbered 4, 6, 13, 14 and 18 are too broad and indefinite; others, such as 9, 10, 12 and 16, call for the books and papers of other corporations not shown to be in the possession of the respondents; it does not appear that there is any such contract as that suggested in No. 15; and the remaining ones are not material so far as the record shows. The time and manner of inspection will be settled by a single justice.

*Writ to issue.*