COMMISSIONER OF BANKS *vs*. GEORGE M. HARRIGAN &
others.

Suffolk.  January 14, 1935. — June 27, 1935.

Present: RUGG, C.J., CROSBY, FIELD, & QUA, JJ.

*Constitutional Law*, Trial by jury.  *Equity Pleading and Practice*, Jury
issues.  *Equity Jurisdiction*, To enforce directors' liability.  *Trust
Company*, In liquidation.

The defendants in a suit in equity to enforce the liability of directors of a
closed trust company for breach of their fiduciary duty to it have no
constitutional right to a trial by jury.
On the record in such a suit, no abuse of discretion appeared in the denial
of the defendants' motion for jury issues.

BILL IN EQUITY, filed in the Supreme Judicial Court for
the county of Suffolk on April 29, 1932, and afterwards
amended.

A ruling that the defendants had no constitutional right
to a trial by jury and the denial of a motion by certain
defendants for jury issues were reported by *Lummus*, J.,
for determination by the full court.

*W. F. Howard*, for the defendants.

*J. M. Graham*, for the plaintiff.

RUGG, C.J.  This is a suit in equity under G. L. (Ter.
Ed.) c. 167, § 24, by the commissioner of banks against
seventeen directors of the Lowell Trust Company, now in
process of liquidation by the plaintiff.  The object of the
suit is to recover for the benefit of the creditors and stock-
holders of the trust company for losses suffered by it through
breaches of the fiduciary duties of the defendants as di-
rectors.  The trust company had conducted in accordance
with statutory authority both commercial and savings de-
partments.  Without narrating in detail the numerous alle-
gations in the bill of complaint, it is sufficient to say that
they raise issues as to a great number of independent trans-
actions wherein breaches of fiduciary obligations of the de-

fendants as directors are described. The liability of the different defendants as to each transaction is not necessarily joint or common, but the conduct of each defendant with reference to each transaction must be considered separately. The defendants were directors at different times during the years 1925 to 1931, and some of them were members of the finance and investment committees of the directors on different dates. The breaches of fiduciary duty thus described relate to many different affairs and arise in numerous different ways. The principal defendants have filed answers which in effect are denials of the allegations of the bill. Thirteen of the principal defendants have filed a claim for trial by jury and a motion for the framing of jury issues. The single justice ruled as matter of law that the defendants had no constitutional right to a trial by jury. So far as addressed to his discretion, jury trial and issues to a jury were denied. The defendants rely upon art. 15 of the Declaration of Rights of the Constitution of this Commonwealth, which is in these words: "In all controversies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been otherways used and practised, the parties have a right to a trial by jury; and this method of procedure shall be held sacred, unless, in causes arising on the high seas, and such as relate to mariners' wages, the legislature shall hereafter find it necessary to alter it."

The scope and meaning of the constitutional right here asserted were explained in *Parker* v. *Simpson,* 180 Mass. 334, 351–352, 355, in an opinion of convincing fullness by Hammond, J. In substance and effect it was there decided that those who settled the Colony and Province of Massachusetts "were English subjects, and as such brought with them to this country the general principles of English law, so far as applicable to their situation. In England there were two general systems of jurisprudence working side by side, not inconsistent with each other, but each necessary to the full enjoyment of English liberty. In one there was an absolute right to trial by jury, in the other the right to such a trial was at the discretion of the court. Our ances-

tors brought the rights equitable as well as legal. . . . The article as it now stands is a declaration of the common law right to a trial by jury, and in no way is inconsistent with the establishment of a court of chancery having general jurisdiction, as it was at the time of the adoption of the Constitution, and proceeding in accordance with its fundamental rules of practice as then existing. One of these rules was that trial by jury should be at the discretion of the court." Therefore, whether in any particular case the right to a trial by jury is preserved depends upon the question whether the subject matter of the cause of action is one pertaining to equity jurisprudence as generally understood in England and Massachusetts at the time of the adoption of the Constitution. The jurisdiction over breaches of trust is one of the earliest branches of equity. The preservation and enforcement of trusts, the ascertainment of violations of duty respecting the management and execution of trusts, and the establishment of the extent of injury caused by infraction of fiduciary obligations, whether they arise out of express or implied, direct or constructive trusts, constitute a familiar division of chancery jurisprudence. Equity also assumes jurisdiction not infrequently for the purpose of preventing multiplicity of suits. 2 Story, Equity Jurisprudence, 647–648.

It is a general principle that directors of corporations are fiduciaries bound to the strictest good faith in the performance of their duties in respect to the management of corporate functions. Although not liable for honest mistakes of judgment, directors are required to act with an eye single to the welfare of the corporation. *Elliott* v. *Baker*, 194 Mass. 518, 523. *Abbot* v. *Waltham Watch Co.* 260 Mass. 81, 96. *Beaudette* v. *Graham*, 267 Mass. 7, 12. The Lowell Trust Company maintained a savings department; for the conservation and security of its assets and for the care and management of its business many of the safeguards have been established previously applicable to savings banks. The relation of the defendants as directors of this trust company was fiduciary in the same sense as is that of trustees of a savings bank. *Greenfield Savings Bank*

v. *Abercrombie*, 211 Mass. 252. *Cosmopolitan Trust Co.* v. *Mitchell*, 242 Mass. 95, 120.

The point is hardly open in this Commonwealth that the liability of directors for breach of their fiduciary duty to the corporation may be enforced in equity. That point was decided in *Warren* v. *Para Rubber Shoe Co.* 166 Mass. 97. It was there held that a bill in equity could be maintained by the corporation against a director guilty of a breach of duty. The broad principle declared in that decision has been followed and applied to numerous states of facts. *Greenfield Savings Bank* v. *Abercrombie*, 211 Mass. 252. *United Zinc Co.* v. *Harwood*, 216 Mass. 474, 476, and cases cited. *Allen-Foster-Willett Co., petitioner*, 227 Mass. 551, 556. The question was expressly raised, considered at length, and unequivocally determined in *Cosmopolitan Trust Co.* v. *Mitchell*, 242 Mass. 95, 120–121, where supporting authorities are collected. *Peabody* v. *Flint*, 6 Allen, 52. *Prudential Trust Co.* v. *McCarter*, 271 Mass. 132.

The right to trial by jury as set forth in the Constitution must be and has been strictly preserved. *Stockbridge* v. *Mixer*, 215 Mass. 415. *Adams* v. *Silverman*, 280 Mass. 23. There is, however, nothing inconsistent with the conclusion here reached in those decisions or in *Salem Bank* v. *Gloucester Bank*, 17 Mass. 1, or *Hill* v. *Murphy*, 212 Mass. 1. If and so far as there is anything at variance with this principle in *Dykman* v. *Keeney*, 154 N. Y. 483, 492, where the equitable remedy was stated somewhat narrowly, we are constrained not to follow it.

The result is that on the authoritative decisions in this Commonwealth already cited the breaches of fiduciary duty on the part of the defendants as set forth in the present bill fall within a recognized branch of equity jurisprudence and that therefore the defendants are not entitled to a trial by jury as matter of right. The ruling of law by the single justice that the defendants have no constitutional right to a trial by jury was correct. *Parker* v. *Simpson*, 180 Mass. 334. *Cosmopolitan Trust Co.* v. *Mitchell*, 242 Mass. 95.

There was no error in the denial of the motions for issues

to be framed for a jury as matter of discretion. The questions of fact to be settled cover a wide field of varied conduct and comprise a large number of difficult and intricate transactions, and the issues as to each defendant may embrace diverse circumstances and different degrees of inattention to or direct breach of fiduciary duties. It is clearly a case where a trial by jury might result in great confusion. The issues may be much more easily and satisfactorily settled in a trial according to equity practice. *Parker* v. *Simpson*, 180 Mass. 334, 355–356. *Shapira* v. *D'Arcy*, 180 Mass. 377, 378. *Culbert* v. *Hall*, 181 Mass. 24. *Chase* v. *Proprietors of Revere House*, 232 Mass. 88, 99.

The denial of the claim for jury trial and the denial of the motion to frame issues for trial by jury are

*Affirmed.*