STATE ex Rel. VALLEY CENTER DRAIN DISTRICT, Respondent, v. BOARD OF COUNTY COMMISSIONERS OF BIG HORN COUNTY et al., Appellants.

(No. 7,684.)

(Submitted September 29, 1937.   Decided October 26, 1937.)

[72 Pac. (2d) 461.]

*Mr. C. C. Quinn,* County Attorney, for Appellants, submitted a brief, and argued the cause orally.

*Messrs. Burke & Collins,* for Respondent, submitted a brief; *Mr. T. H. Burke* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This appeal is from a judgment against defendants in a mandamus proceeding. The case was here on a prior appeal. (See *State ex rel. Valley Center Drain Dist.* v. *Board of County Commrs.,* 100 Mont. 581, 51 Pac. (2d) 635.) The issue on the former appeal was whether the county is liable for drainage district assessments levied against the county on account of the construction and maintenance of highways found to have been of special benefit to the county. This court held that the county is liable for such assessments, but since it appeared in the case that the county was without unbudgeted funds sufficient to pay the assessments and that emergency warrants had to be issued, the judgment directing the payment of money would not be affirmed, but the cause would be remanded so as to bring in as necessary parties the county clerk and the chairman of the board of county commissioners.

Pursuant to the mandate of this court, the county clerk and chairman of the board of county commissioners were made parties defendant, and application for a writ of mandate was made. A peremptory writ was issued, but upon application of defendants it was later modified and, as modified, was issued in the alternative. Defendants filed an answer, alleging as a defense

that events transpired after the decision of this court on the first appeal which would defeat the right of relator to the writ as prayed for. The subsequent events relied upon were these: That pursuant to application made by the commissioners of the drain district, the county treasurer was by the court authorized to accept in cash from individual landowners and private corporations ten per cent. of the delinquent drainage assessments in full payment of the same; that this was tantamount to a new assessment for only ten per cent. of the original assessment; that the county of Big Horn was not allowed the privilege of so adjusting its delinquent assessments; and that, in consequence, it was unlawfully discriminated against. It alleged a readiness and willingness to pay ten per cent. of its delinquent assessments if it would be accepted in full settlement of its delinquent assessments. Demurrer to the answer was overruled, and by a reply issues were joined.

At the trial it was developed that the drain district had bonds outstanding in the sum of $138,000, of which $50,000 were in default. The Reconstruction Finance Corporation purchased all of the outstanding bonds of the district. It then appointed the county treasurer as its agent to sell the bonds. It instructed its agent to sell them to individuals and private corporations owning land in the district, at ten per cent. of their face value, and then, upon securing a court order authorizing him to do so, to accept the bonds at full face value from such landowners in payment of their drainage assessments, with authority to receipt for the payment of the assessments in full. Such court order was obtained. There was evidence that the Reconstruction Finance Corporation in making this arrangement was carrying out the policy of the budget board of the United States, which, in turn, was following the President's plan to assist farmers and ranchers who were suffering from the depression.

It will thus be seen that, if Big Horn county has any grievance against anyone, it is against the Reconstruction Finance Corporation. It was the owner of the bonds and could sell them to whomsoever it wished at any price it saw fit. There was no compromise of the assessments, nor was there any new assess-

ment made. The drain district actually received full payment for the assessments by receiving and having surrendered to it at face value its own bond obligations for the corresponding amount of delinquent assessments. In other words, $100 worth of bonds at face value discharged $100 of the past-due assessments. The saving to the landowners was brought about by the action of the Reconstruction Finance Corporation in selling its bonds for ten per cent. of their value, and not because of any compromise of the assessments. The court did not err in granting the relief asked by relator, even though the county of Big Horn was not afforded the same privilege by the Reconstruction Finance Corporation as was accorded to individuals and private corporations owning land in the district.

The defendants contend that it was error to deny them the right to a jury trial. This was a matter resting in the discretion of the court, and we think that discretion was not abused here.

The only other point raised is that the court erred in holding that the former decision of this court settled the law in the case. The court was right in so holding. The obligation of the county to pay the assessments was definitely and finally adjudicated on the former appeal. The only necessity for additional parties was to facilitate the matter of carrying out the judgment of the court. In any event, if there were other issues affecting the validity of the assessments or the county's obligation to pay them which the new parties could raise, they should have been raised in this proceeding by proper plea. No other issues were raised save the one above discussed, and which we have held was without merit.

The drain district contends that it is entitled to damages in addition to costs because, it asserts, the appeal was and is frivolous. While we find no merit in the appeal, we think we are not warranted in condemning it as frivolous, and hence decline to impose a penalty for taking it.

The judgment is affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.