GORDON T. STARK *vs.* LOUISE STARK & others.

Suffolk. November 9, 1960. — January 3, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, & WHITTEMORE, JJ.

*Equity Pleading and Practice,* Dismissal of bill without prejudice, Judicial discretion.

There was a proper exercise of discretion where, long after a master in a suit in equity had held a hearing at which the plaintiff failed to appear or to offer any evidence and the master had made findings on issues raised by a counterclaim of the defendant, the trial court denied a motion by the plaintiff for dismissal of the bill without prejudice grounded on pending litigation involving the same issues in another court, confirmed the master's report, and entered a final decree dismissing the bill with prejudice and granting relief on the counterclaim.

BILL IN EQUITY, filed in the Superior Court on June 10, 1959.

---

The suit was heard by *DeSaulnier, J.,* on a master's report.

*Howard W. Cole,* (*Oliver R. Waite* with him,) for the plaintiff.

*Robert W. Meserve,* (*James P. Lynch, Jr.,* with him,) for the defendant Stark.

*Herbert P. Wilkins,* by leave of court, submitted a brief as amicus curiae.

SPALDING, J. The plaintiff in May, 1954, brought this suit against his wife, a nonresident (hereinafter referred to as the defendant), to set aside an assignment to her of a portion of his interest in a trust fund. The trustees of the fund were joined also as defendants. The wife appeared generally and filed an answer, which included a counterclaim. Following several continuances, which were granted at the plaintiff's request, the case was heard by a master in December, 1955. The plaintiff, although represented by counsel, did not appear, and, as the master found, "without just cause refused to produce in good faith the testimony relied on by him." This conclusion was amply supported by the master's subsidiary findings. The defendants were present at the hearing and were represented by counsel, and the master made findings touching the issues raised by the counterclaim. In June, 1959, more than three years after the master's report was filed, the defendant made a motion to confirm the report and for the entry of a final decree. The plaintiff moved for the dismissal of his bill without prejudice and without costs. This motion was grounded on the allegation that litigation involving the same issues was then pending in the Probate Court for Norfolk County and that that court was a more appropriate forum. The motion was denied. Thereafter the court entered an interlocutory decree confirming the master's report and a final decree dismissing the bill with prejudice and without costs. The decree also adjudged the assignment to be valid and granted most of the relief sought by the defendant in her counterclaim. From these decrees the plaintiff appealed.

The only questions presented are whether the judge erred in confirming the master's report and in entering the final decree. The plaintiff concedes that these matters lay within the realm of discretion, but argues that the judge did not properly exercise his discretion. Recognizing that in equity questions of discretion are open on appeal (*Long* v. *George,* 296 Mass. 574, 579), we are of opinion that the judge exercised his discretion properly.

> *Interlocutory decree affirmed.*
> *Final decree affirmed with costs*
> *of this appeal.*