WILLIAM D. BRIGHT, JUNIOR, administrator, *vs.*
AMERICAN FELT COMPANY & others.

Middlesex.     November 9, 1961. — December 13, 1961.

Present: WILKINS, C.J., WILLIAMS, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Interest. Attachment. Executor and Administrator,* Attachment of decedent's property. *Probate Court,* Taking petition for confessed, Appeal, Judicial discretion, Costs.

Taking a petition in equity in a Probate Court for confessed establishes the facts well pleaded and requires entry of whatever decree is proper on those facts.     [336]

A bank holding funds formerly of a decedent attached on trustee process in an action before his death, upon dissolution of the attachment under G. L. c. 223, § 116, by seasonable appointment of his administrator and demand by the administrator on the bank for the funds, which was ignored, became liable to pay the administrator, in addition to the funds, interest thereon at six per cent from the date of the demand, but was not a wrongdoer ab initio and was not liable for interest from the date of the attachment. [336]

A petition in equity in a Probate Court by an administrator seeking funds formerly of his decedent held by a respondent bank under an attachment on trustee process which had become dissolved under G. L. c. 223, § 116, should have been dismissed as against the attaching creditor and the sheriff who made the attachment, also respondents, since they held no funds to which the petitioner was entitled. [337]

All questions of discretion are open in this court on appeal from the decree in a proceeding in equity in a Probate Court. [337]

In a proceeding in equity in a Probate Court by an administrator against a bank to recover, after failure to pay on demand, funds formerly of the decedent held by the respondent under an attachment on trustee process which had become dissolved under G. L. c. 223, § 116, this court on appeal, in its discretion, awarded the petitioner costs in the Probate Court and costs of appeal, but not counsel fees. [337]

PETITION IN EQUITY, filed in the Probate Court for the county of Middlesex on February 29, 1960.

The case was heard by *McMenimen, J.*

*J. Chester Webb,* for the petitioner, submitted a brief.

No brief nor argument for the respondents.

WILKINS, C.J. The administrator of the estate of William D. Bright, Senior, appointed in the Probate Court for Middlesex County, brought this petition in that court against American Felt Company (Felt), the sheriff of Middlesex County, and Guaranty Trust Company for release of funds of the decedent in the respondent trust company which had been attached on trustee process by the respondent sheriff in an action at law in which Felt was plaintiff. The attachment was made on or about May 15, 1958, and the decedent died on October 9, 1959. The petitioner was appointed on November 16, 1959. The petition was taken pro confesso against the respondents for failure to appear and answer, and a decree was entered ordering the trust company to pay the petitioner $12,505. The petitioner appealed.

The decree taking the petition for confessed did not ensure a decree for the petitioner. It only established as true the facts properly pleaded, and required the entry of whatever decree those facts demanded. *Mayberry* v. *Sprague,* 207 Mass. 508, 512. *Publico* v. *Building Inspector of Quincy,* 336 Mass. 152, 153, and cases cited.

1. The main question is whether the funds ordered paid carry interest and, if so, for what period. General Laws (Ter. Ed.) c. 223, § 116, provides in part: "An attachment of real or personal property shall be dissolved if the debtor dies before it is taken or seized on execution and administration of his estate is granted in the commonwealth upon an application therefor made within one year after his decease." On November 30, 1959, the petitioner, who had been appointed within one year of the death of the decedent in conformity with § 116, made written demand on the corporate respondents for the payment of the $12,505, and enclosed a copy of his letter of appointment. The demand was ignored.

This case falls squarely within c. 223, § 116. *McIlroy* v. *McIlroy,* 208 Mass. 458, 465–466. There was a wrongful withholding of money from the date of demand. *Dailey* v. *Doherty,* 237 Mass. 365, 369. See *Vaughan* v. *Lemoine,* 330 Mass. 83, 86–88. No reason appears why interest should not be paid. Compare *Potier* v. *A. W. Perry, Inc.* 286 Mass. 602, 606. The bank should pay interest at six per cent (G. L. [Ter. Ed.] c. 107, § 3) from the date of demand to the date of payment.

There is nothing in the contention that the bank became a wrongdoer ab initio and should pay interest from the date of the attachment. The distinction from *Earle* v. *Whiting,* 196 Mass. 371, a case of fraudulent misappropriation, is elementary. Likewise there is no occasion to apply the rule of *New England Trust Co.* v. *Triggs,* 334 Mass. 324, S. C. 337 Mass. 482, which concerned the duties of a fiduciary under an express trust.

2.    The petition was rightfully dismissed against Felt and the sheriff.    There has been no contention that the law action by trustee process was improperly brought or the attachment improperly made.    Neither respondent had any funds of the decedent to which the petitioner was entitled at the time of demand.    Compare *Premium Cut Beef Co.* v. *Karp,* 318 Mass. 229, 230.

3.    The petitioner asks that he be awarded costs and expenses.    Concededly such an award is discretionary.    G. L. (Ter. Ed.) c. 215, § 45.    But it is not necessary to find, as the petitioner contends, that there was an abuse of discretion in the court below.    On appeal in equity all questions of discretion are open.    *Long* v. *George,* 296 Mass. 574, 579, and cases cited.    *Stark* v. *Stark,* 341 Mass. 591, 593.    The trust company had no color for holding the funds after the demand.    Nevertheless it put the petitioner to the trouble of bringing this petition and then appealing to this court. No explanation of its conduct appears.    Had the trust company been in doubt what to do, it could have sought declaratory relief or paid the money into court.    See Rule 41 of the Superior Court (1954).    In our discretion we award the petitioner against the respondent trust company costs in the Probate Court and the costs of appeal.    We do not award counsel fees.    See *Goldberg* v. *Curhan,* 332 Mass. 310, 312.

4.    The decree is to be modified by providing for the payment by the trust company of interest at six per cent from November 30, 1959, the date of demand, to the date of payment; and awarding costs in the Probate Court and costs of appeal.

*So ordered.*