WILLIAM H. K. DONALDSON *vs.* BOSTON HERALD-TRAVELER CORPORATION & another.

Essex.   March 3, 1964. — April 7, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Constitutional Law,* Trial by jury.   *Equity Pleading and Practice,* Jury issues, Costs.   *Corporation,* Stockholder, Records.   *Equity Jurisdiction,* Inspection of corporate records.   *Damages,* Counsel fees.   *Words,* "Concerning property."

Art. 15 of the Declaration of Rights of the Massachusetts Constitution does not afford as of right a trial by jury of the issues in a suit in equity against a corporation and its transfer agent by one of its stockholders under G. L. c. 155, § 22, to compel exhibition of its stock and transfer books to the plaintiff for his inspection.   [276–278]

A corporation's transfer agent having custody of its stock and transfer books was an "agent of . . . [the] corporation having charge of such . . . books" to whom a stockholder might properly make the application to inspect them required by G. L. c. 155, § 22, before invoking his remedies under that statute, notwithstanding that under the corporation's by-laws only its board of directors had the right to comply with or refuse such an application.   [279]

In a suit in equity against a corporation and its transfer agent by one of its stockholders under G. L. c. 155, § 22, to compel exhibition of its stock and transfer books to the plaintiff for inspection, the fact that the plaintiff's only reason for seeking to inspect the books was to obtain a list of stockholders to solicit for proxies in order to try to change the management of the corporation did not establish the defence under the statute that the plaintiff's "purpose [was] other than in . . . [his] interest . . . as a stockholder, relative to the affairs of the corporation." [279–280]

A stockholder of a corporation seeking to compel exhibition of its stock and transfer books to him for inspection, and damages, in a suit in equity under G. L. c. 155, § 22, could not recover as damages under the statute counsel fees incurred by him in prosecuting that very suit. [280–281]

BILL IN EQUITY filed in the Superior Court on March 14, 1962.

A motion for jury issues was heard by *Macaulay, J.* The suit was heard on the merits by *Brogna, J.*

*Robert M. Gargill* for Boston Herald-Traveler Corporation.

*Everett H. Parker* for Old Colony Trust Company.

*Frederick D. Vincent, Jr.,* for the plaintiff.

WILKINS, C.J. This bill in equity by a holder of ten shares of the capital stock of the defendant Boston Herald-Traveler Corporation seeks (1) an order that the corporation and its transfer agent, the defendant Old Colony Trust Company, exhibit to him for inspection the stock and transfer books of the corporation; and (2) damages. G. L. (Ter. Ed.) c. 155, § 22. The corporation filed a motion for jury issues, which was denied after hearing, and the corporation excepted. After a later hearing on the merits, a final decree was entered by which the books were ordered to be exhibited and the claim for damages was denied. The plaintiff and the defendants appealed. The judge made a report of the material facts found by him. The evidence is reported.

Section 22, so far as material, provides: "The stock and transfer books of every corporation, which shall contain a complete list of all stockholders, their residences and the amount of stock held by each, shall be kept at an office of the corporation in the commonwealth for the inspection of its

stockholders. . . . If any officer or agent of a corporation having charge of such . . . books or records refuses or neglects to exhibit them or to submit them to examination as aforesaid, he or the corporation shall be liable to any stockholder for all actual damages sustained by reason of such refusal or neglect, and the supreme judicial or superior court shall have jurisdiction in equity, upon petition of a stockholder, to order any or all of said . . . books or records to be exhibited to him . . . at such a place and time as may be designated in the order, but in an action for damages or a proceeding in equity under this section for neglect or refusal to exhibit for inspection the stock and transfer books, it shall be a defence that the actual purpose and reason for the inspection sought are to secure a list of stockholders for the purpose of selling said list or copies thereof or of using the same for a purpose other than in the interest of the applicant, as a stockholder, relative to the affairs of the corporation.''

1. The jury issues sought are: '' (1) Whether petitioner [plaintiff] is actually the beneficial owner of the Boston Herald-Traveler stock recorded in his name. (2) Whether petitioner [plaintiff] seeks inspection of the stock and transfer books of Boston Herald-Traveler Corporation to secure a list of stockholders in order to use the same for a purpose other than in the interest of the petitioner [plaintiff], as a stockholder, relative to the affairs of said corporation.''

There was no error in the denial of the motion. The basis of the contention of the corporation that it is entitled as of right to have the issues framed is art. 15 of the Declaration of Rights of the Constitution of the Commonwealth. This reads, ''In all controversies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been otherways used and practised, the parties have a right to a trial by jury; and this method of procedure shall be held sacred, unless, in causes arising on the high seas, and such as relate to mariners' wages, the legislature shall hereafter find it necessary to alter it.''

There are fatal flaws in the defendants' position. To begin with, this is not a controversy "concerning property." We do not accept the conclusion of the syllogism that the suit "involves a right which, apart from its limitations, is incident to the ownership of corporate stock" and "is therefore a suit concerning property." No convincing authority is cited in support of the proposition. The plaintiff's ownership is not in controversy. The defendants are not trying to take the stock from him. They merely do not propose to allow him, if they can prevent it, to exercise a stockholder's right of examining corporate books. If this should be held to be a controversy "concerning property," it would be difficult indeed to determine where a line consistently could be drawn.

In the next place, this is not a case which would have been triable to a jury in 1780 when the Constitution was adopted. The defendants concede that the constitutional guaranty does not extend to such a case. The scope and meaning of the constitutional right have been explained in *Parker* v. *Simpson,* 180 Mass. 334, 351–355, and in *Commissioner of Banks* v. *Harrigan,* 291 Mass. 353, 354–355. "[W]hether in any particular case the right to a trial by jury is preserved depends upon the question whether the subject matter of the cause of action is one pertaining to equity jurisprudence as generally understood in England and Massachusetts at the time of the adoption of the Constitution." *Commissioner of Banks* v. *Harrigan, supra,* 355. Article 15 "in no way is inconsistent with the establishment of a court of chancery having general jurisdiction, as it was at the time of the adoption of the Constitution, and proceeding in accordance with its fundamental rules of practice as then existing. One of these rules was that trial by jury should be at the discretion of the court." *Parker* v. *Simpson, supra,* 355. In new forms of equity procedure created by statute the defendants, who, of course, have not voluntarily chosen the procedure, can insist as matter of right upon issues other than those which are purely equitable in their nature. *Stockbridge* v. *Mixer,* 215 Mass. 415, 418. *Consol-*

*idated Ordnance Co.* v. *Marsh,* 227 Mass. 15, 22. *McAdams* v. *Milk,* 332 Mass. 364, 367.

We are not dealing, however, with that type of case. The present equitable proceeding the defendants seek to distinguish from the usual equity suit by saying that the equitable remedy granted by G. L. (Ter. Ed.) c. 155, § 22, was first enacted in St. 1903, c. 437, § 30, long after 1780, and that theretofore the remedy available to a stockholder seeking an inspection of corporate records was a petition for a writ of mandamus.

The defendants urge that there was a right to a jury in mandamus cases. The only Massachusetts decision is to the contrary. In *Casey* v. *Justice of the Superior Court,* 229 Mass. 200, 201, the clear and definite statement was made: "A petition for mandamus was not triable to a jury when our Constitution was adopted and the petitioner [for such a writ] does not present a case within art. 15 of the Declaration of Rights." The defendants note that the only authority cited, *Attorney Gen.* v. *Sullivan,* 163 Mass. 446, was "an information in the nature of a quo warranto." This objection, however, is not formidable, as the two writs, originating as methods of trying title to public office, complemented each other and in certain cases may have been concurrent remedies. 44 Am. Jur., Quo Warranto, § 12. 55 C. J. S., Mandamus, § 5. 3 Blackstone, Commentaries, *263–*265.

At common law the return in a proceeding for a writ of mandamus was conclusive. Hence, there could be no trial by jury, for no issue of fact could be tried. Such a trial was provided by 9 Anne, c. 20 (enacted in 1711), but that statute was not part of the common law and was never in force in this Commonwealth. *Howard* v. *Gage,* 6 Mass. 462, 464. *Attorney Gen.* v. *Sullivan,* 163 Mass. 446, 448. See *Castle* v. *Lawlor,* 47 Conn. 340; *State* v. *County Commrs.* 21 Fla. 1, 19; *State* v. *Avon Park,* 117 Fla. 565, 569–570; *Bradenton* v. *State,* 118 Fla. 838, 841–842; *State* v. *Minnesota Thresher Mfg. Co.* 40 Minn. 213, 215; *Chumasero* v. *Potts,* 2 Mont. 242, 258–272, writ of error dismissed 92 U. S. 358;

*State* v. *Board of County Commrs.* 105 Mont. 290, 293; *Mayer* v. *State,* 52 Neb. 764, 767; *State* v. *School Dist.* 150 Neb. 109, 113; *Dutten* v. *Hanover,* 42 Ohio St. 215, 217; *Marler* v. *Wear,* 117 Tenn. 244, 245–246; Ferris, Extraordinary Legal Remedies, § 252; Shortt, Informations Mandamus and Prohibition, 413; 2 Spelling, Injunctions and Other Extraordinary Remedies (2d ed.) § 1687; 35 Am. Jur., Mandamus, § 374; 50 C. J. S., Juries, § 52.

2.  An implicit requirement of G. L. (Ter. Ed.) c. 155, § 22, is that in order to invoke its remedy a stockholder must apply for inspection to an officer or agent of the corporation having charge of the books or records. *Hanrahan* v. *Puget Sound Power & Light Co.* 332 Mass. 586, 589. On the evidence we find that the plaintiff made such an application to the defendant trust company, the transfer agent. The defendants argue that this application was ineffectual because under the by-laws only the corporation's board of directors had authority to comply with or refuse such request,[1] and the board had given instructions to the transfer agent not to grant the plaintiff's request.

We are of opinion that the plaintiff's request made to the transfer agent was sufficient. The statute is in general terms, and the Old Colony Trust Company, which had custody of the material books and records, fell within the description of an "agent of a corporation having charge of such . . . books or records." Undoubtedly a corporation may make reasonable regulations as to the time and manner of the inspection of its books by stockholders, but it cannot make a by-law which unreasonably obstructs a stockholder's right of examination. *Klotz* v. *Pan-American Match Co.* 221 Mass. 38, 43. *State* v. *Penn-Beaver Oil Co.* 34 Del. 81, 87. *Commonwealth* v. *Pennsylvania Silk Co.* 267 Pa. 331.

3.  The defendants endeavored to show by way of defence, as provided in § 22, that the plaintiff sought the list of stockholders for a purpose other than in his interest as a stockholder relative to the affairs of the corporation. The

---

[1] We accept the defendants' construction of the by-laws, which do not expressly contain such a statement.

judge found that the defendants had not sustained the burden of proof. He also found that the plaintiff had stated to a director that he wished to solicit proxies in order to obtain a measure of control. The judge ruled in substance that the plaintiff was within his rights in so doing. The defendants make the contention that these findings were unsupported in the evidence. We do not uphold that contention. That the plaintiff had no suggestions for improvement in the manner in which the newspaper was being run, or did not wish to talk to the president, or wanted the president's job (*Varney* v. *Baker*, 194 Mass. 239, 240–241), or described his own motives as purely selfish does not render his purpose improper. The solicitation of proxies in order to try to change management is a proper purpose. *Hanrahan* v. *Puget Sound Power & Light Co.* 332 Mass. 586, 591–593. *Powelson* v. *Tennessee Eastern Elec. Co.* 220 Mass. 380, 384. *Hohman* v. *Illinois-Iowa Power Co.* 305 Ill. App. 17, 20. *Pratt* v. *Dunham*, 127 Maine, 1, 2–3.

4. The defendants argue that there was prejudicial error in the admission of evidence as to (1) an earlier suit which was dismissed without prejudice and (2) communications between the plaintiff and the clerk. We do not agree that there was or that any of the judge's findings were improperly affected, but in the view we have taken that there was a valid demand upon the transfer agent this evidence becomes entirely immaterial. We have not considered it.

5. The plaintiff questions the correctness of the judge's ruling as to damages. On this issue the judge stated: "The only damages claimed to have been suffered . . . [are] legal fees of $700 which have not been paid but which would be reasonable for the services rendered in prosecuting the present bill in equity. I rule that such expenses are not recoverable as damages under the statute."

There was no error. While, as an original proposition, further examination might be desirable, the general principle has become firmly established in this Commonwealth that no recovery may be had for counsel fees in the very action to redress a plaintiff's wrong, as distinguished from

other counsel fees which the plaintiff has been compelled to pay. *Goldberg* v. *Curhan,* 332 Mass. 310, 312, and cases cited. *MacNeil Bros. Co.* v. *Cambridge Sav. Bank,* 334 Mass. 360, 363. See *Bright* v. *American Felt Co.* 343 Mass. 334, 337.

The Legislature must be taken to have been aware of this principle. Had the statute been intended to embrace all counsel fees as damages, we are of opinion that an express statement to that effect would have been made.

> *Defendant Boston Herald-Traveler*
> *Corporation's exceptions overruled.*
> *Final decree affirmed with costs of*
> *appeal to the plaintiff.*